UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ESOCKA J. LASTER,            )
                             )
Plaintiff,                   )
                             )
v.                           )    No. 1:14-CV-14-SNLJ
                             )
DR. JOHN DOE, et al.,        )
                             )
Defendants.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Esocka J. Laster's amended complaint [Doc. #8].[1]  For the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action

---

[1] On March 14, 2014, the Court ordered plaintiff to file an amended complaint in accordance with the specific instructions set forth in the Memorandum and Order [Doc. #7].

1

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Dr. Unknown Hakalah, nurses Dana Deagan and Unknown Pibba, and correctional officers Unknown Payne and Unknown Dysenger. Plaintiff's allegations arise out of the medical treatment defendants rendered, or failed to render, to him following an incident in April, 2013, when plaintiff claims he sustained injuries after being attacked by another inmate and maced by SECC correctional officers.

## Discussion

Plaintiff brings this action against the defendant doctor, nurses, and correctional officers in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an SECC correctional officer or employee in his or her official capacity is the equivalent of naming the entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Moreover, as to the defendant medical personnel who may be employees of Corizon, Inc., the Court notes that "[a] corporation acting under color of state law will beheld liable only for its own unconstitutional policies." *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not allege that any Corizon official policies or customs were responsible for the alleged violation of his constitutional rights, the complaint fails to state a claim upon which relief can be granted.

For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted against any of the named defendants in this action. The Court will, therefore, dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of April, 2014.

                UNITED STATES DISTRICT JUDGE